IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE COMPLAINT OF )
J.A.R. BARGE LINES, L.P., AS OWNER, AND )
MON RIVER TOWING, INC., AS OWNER *PRO* )
*HAC VICE*, OF THE M/V *ROSE G.*, FOR ) Civil Action No. 03-163
EXONERATION FROM AND/OR LIMITATION )
OF LIABILITY )

**MEMORANDUM OPINION**

Pending before the Court is a motion by J.A.R. Barge Lines, L.P. ("JAR") and Mon River Towing, Inc. ("MRT"), for leave to file six post-judgment motions. (Doc. No. 280-1, "the Motion.") For the reasons discussed below, the Motion is denied, inasmuch as the underlying motions are either futile or would be denied.

**I.   Procedural History**

The facts of this case are set out in detail in the Court's recent Memorandum Opinion in the above-captioned case and the companion cases consolidated with it. *See* In re J.A.R. Barge Lines, et al., CA Nos. 03-163, 03-180, 04-753, and 04-1611, 2007 U.S. Dist. LEXIS 13608 (W.D. Pa. Feb. 28, 2007) ("the February 28 Opinion.") As the parties are well-aware, following a hearing on March 27, 2007, the Court entered an Order directing JAR and MRT, jointly and severally, to pay Ingram Barge Company ("Ingram") attorneys' fees, expenses and costs of litigation through March 28, 2007, in the amount of $296,108.83. (Doc. No. 265, "the March 28 Order.")

At the hearing on March 27, 2007, Justin M. Lawrence and Meredith L. Lawrence (collectively, "the Lawrences") stated that in light of the lack of cooperation from their clients JAR and MRT, they wished to withdraw as counsel for those parties. The Court indicated a willingness to entertain such a motion. On March 30, 2007, Frederick B. Goldsmith ("Goldsmith") of the lawfirm Goldsmith & Ogrodowski, LLC, filed a notice of appearance on behalf of MRT and JAR. The same day, Goldsmith filed a notice of appeal to the United States Court of Appeals for the

Third Circuit (Doc. No. 272), seeking review of the February 28 Opinion and the Order of Court issued simultaneously therewith (Doc. No. 255, "the February 28 Order") in which the Report and Recommendations of the Special Master who had held an evidentiary hearing in this matter in July 2006 had been adopted, in particular, exonerating Ingram and Tri-River Marine, Inc., Tri-River Fleeting & Harbor Service, Inc., and the M/V *Bill Dyer* (collectively, "the Tri-River Parties") and finding that MRT and JAR had breached the implied duty of workmanlike performance to Ingram.

Inasmuch as Goldsmith had entered his appearance on behalf of MRT and JAR, the Court granted the Lawrences' motion to withdraw on April 4, 2007. (*See* Doc. No. 275.) On April 11, 2007, JAR and MRT filed the pending Motion, seeking leave to file motions pursuant to Federal Rules of Civil Procedure 54(b), 59(e), 60(a), 60(b)(6), 62(b) and 62(d). Briefly stated, the proposed motions seek to alter or amend the February 28 Order as amended by the March 28 Order and/or to stay the execution of those judgments pending appeal.

At the order of the Court, Mark Allen Smith ("Smith"), still represented by the Lawrences, and Ingram were directed to file a response to the JAR/MRT motion on or before April. 19, 2007. We turn to consideration of each of the motions proposed by JAR and MRT.

## II.     Proposed Motion Pursuant to Fed.R.Civ.P. Rule 54(b)

Rule 54(b) provides in full:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment[1] as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and

---

[1] As defined elsewhere in Rule 54, "judgment" is "a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings." Fed.R.Civ.P. 54(a).

liabilities of all the parties.

Fed.R.Civ.P. 54(b). Judgments; Costs. Judgment Upon Multiple Claims or Involving Multiple Parties.

Rule 54(b) was designed "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (internal quotation omitted). The Rule permits a district court to certify as a final judgment a decision which is otherwise non-appealable in order for the party or parties affected by that decision to immediately appeal without awaiting adjudication of the remaining issues in the case. In determining whether to certify an otherwise non-appealable order for appellate review under Rule 54(b), a district court must find that (1) there has been a "final judgment" on the merits; and (2) there is "no just reason for delay." Id., *quoting* Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980).

The purpose of the proposed Rule 54(b) motion is unclear to the Court inasmuch as JAR and MRT, as noted above, have already filed an appeal with the Court of Appeals. Therefore, they presumably believe that all issues in this case have been finally adjudicated, otherwise, their appeal is improper since it was filed without first seeking a Rule 54(b) certification. However, for the record, the Court will clarify the status of this litigation, concluding that Rule 54(b) certification is unnecessary.

On February 28, 2007, this Court entered an Order which:

1. Overruled all objections filed by Smith and by JAR/MRT to the Special Master's Report and Recommendations (*see* Doc. No. 202, "R&R");

2. Sustained Ingram's objections to the R&R and overruled the Special Master's conclusion that Ingram was not entitled to recover attorneys' fees, expenses and costs of litigation from JAR and MRT;

3. Affirmed all other Findings of Fact and Conclusions of Law recommended by the Special Master to which no party objected or to which only Smith and JAR/MRT objected;

4. Ruled that Ingram was exonerated from all liability to Smith and to JAR/MRT as

        those parties claimed in Civil Action 03-180;

5. Entered judgment in favor of the Tri-River Parties and against Smith in Civil Action 04-753;

6. Ruled that the Tri-River Parties were exonerated from all liability as claimed by Smith in Civil Action 04-1611; and

7. Denied as moot the cross-claims for indemnification and/or contribution by Ingram and the Tri-River Parties in Civil Actions 03-180 and 04-1611.

February 28 Order.

The Order also denied as moot or overruled various motions which had been decided by the Special Master. (February 28 Order, ¶¶ 12-13.)

In sum, the February 28 Order adjudicated (1) all claims brought by Smith in CA No. 04-753 in favor of the Tri-River Parties; (2) all claims brought by Smith in CA No. 03-180 by exonerating Ingram; (3) all claims brought by Smith in CA No. 04-1611 by exonerating the Tri-River Parties; and (4) all cross-claims brought by Ingram and the Tri-River Parties in CA Nos. 03-180 and 04-1611. Moreover, all claims brought by Smith in CA No. 03-163 were adjudicated in favor of JAR/MRT by overruling his objections to the Special Master's R&R and the claims brought by Ingram in that case were adjudicated in its favor by granting its objections to the portion of the R&R which denied Ingram's indemnification claims.

In the brief in support of their Motion, JAR and MRT argue that the February 28 Order was not a final judgment because "it does not appear from the record that the Court has expressly addressed the interplay between Ingram's implied contractual indemnity claim" against JAR/MRT and the indemnity provisions of the Specific Release and Settlement Agreement entered into by Smith and JAR, MRT, and other related parties on April 5, 2004. (Brief in Support of Motion . . . to Enter Judgment or Alternatively to Alter or Amend Judgment, or Alternatively for Relief from Judgment, Doc. No. 280-4, "JAR/MRT Brief," at 1-2; see also Doc. No. 27, Exhibit C, "the Settlement Agreement.")

This Court previously held that the Settlement Agreement, including the indemnity provision in Paragraph 11 thereof, is enforceable. (*See* Order of Court dated August 22, 2005, Doc. No. 92.) We further note that there are no claims in any of these four cases pertaining to the Settlement Agreement, therefore the Court had no reason to address that agreement when determining the final judgment in those cases. Secondly, Ingram's indemnification claim for attorneys' fees, costs and expenses related to defending against the claims brought by Smith in CA No. 03-163 was solely against JAR/MRT, not against Smith. Third, Ingram was explicitly excluded as a party to the Settlement Agreement, therefore, nothing therein gives JAR and MRT the relief they seek, i.e., an order by this Court requiring that Ingram – in so many words – "skip over" JAR/MRT and go directly to Smith for payment.

Rule 54(b) does not contain a time frame in which a motion thereunder must be brought. Smith makes the argument that "prudent practitioners will seek Rule 54(b) determination promptly, and within the familiar 10-day period." (Mark Allen Smith's Memorandum in Opposition to [the Motion,] Doc. No. 290, "Smith Opp.," at 4, *quoting* Steven Baicker-McKee, William M. Janssen, and John B. Corr, FEDERAL CIVIL RULES HANDBOOK, 919 (2006 ed.).) Giving JAR and MRT the benefit of the doubt on the timeliness of their motion filed on April 11, 2007, objecting to alleged omissions in a decision rendered more than a month before, the Court concludes that the February 28 Order was a "final judgment," i.e., "a decision upon a cognizable claim for relief" which was the "ultimate disposition" of all the individual claims in these consolidated actions. *See* Curtiss-Wright, 446 U.S. at 7. We see no need for JAR and MRT to file for Rule 54(b) certification since the Court believes there are no claims yet to be litigated by the parties in these cases. The Motion for leave to file a Rule 54(b) motion is therefore denied.

### III.   Proposed Motion Pursuant to Fed.R.Civ.P. Rule 60(a)

Section (a) of Rule 60 provides in full:

Clerical mistakes in judgments, orders or other parts of the record and errors

therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Fed.R.Civ.P. 60(a). Relief from Judgment or Order. Clerical Mistakes.

The Court of Appeals has stated that Rule 60(a) "is limited to the correction of clerical mistakes; it encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment." Pfizer Inc. v. Uprichard, 422 F.3d 124, 129-130 (3d Cir. 2005) (internal quotation omitted). Mistakes which may be corrected under Rule 60(a) include copying or computational errors and other "mindless and mechanistic mistakes [and] minor shifting of facts," but not those mistakes which require "cerebration or research into the law or planetary excursions into facts." Pfizer, 422 F.3d at 130 (internal quotation omitted); see also In re Diet Drugs Prods. Liab. Litig. Elliot Palay, No. 05-4204, 2006 U.S. App. LEXIS 20433, *22-*23 (3d Cir. Aug. 9, 2006).

Any proposed motion to be brought under Rule 60(a) must fail for two reasons. First, nowhere in the briefs submitted by JAR and MRT in support of the Motion do they identify the alleged clerical error, oversight or omission made by the Court or by any of the other parties to this litigation. Second, as noted above, JAR and MRT have filed an appeal which has been docketed with the Court of Appeals. Even if the alleged mistake(s) had been identified, to the best of the Court's ability to discover, JAR and MRT have not sought leave of the appellate court to correct those errors. Thus, this Court has no jurisdiction to address such a motion.

**IV.     Proposed Motions Pursuant to Fed.R.Civ.P. Rules 59(e) and 60(b(6)**

A.     Federal Rule of Civil Procedure 59(e)

Federal Rule of Civil Procedure 59(e) allows a party to move to amend or alter a judgment within ten days after entry thereof. As a threshold matter, Smith objects that to the extent the Motion is based on Rule 59(e), it is untimely because it was filed fourteen calendar days after

filing of the Order of Court which JAR and MRT seek to amend. (Smith Opp. at 4). However, as the Court has pointed out at least once before in this litigation, when a federal rule of procedure requires an action to be taken within a period of 11 days or less, Saturdays, Sundays and holidays are excluded from the computation. (See Memorandum Opinion dated March 23, 2007, Doc. No. 262, at 5, citing Fed.R.Civ.P 6(a).) Since, as discussed below, JAR and MRT are requesting the Court to alter its March 28 Order directing them to pay the attorneys' fees, costs and expenses incurred by Ingram, we conclude that the Rule 59(e) motion would be timely.

A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and alleges legal error. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (internal citations and quotations omitted). A court may grant a motion for reconsideration of a previous judgment if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), citing North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). "A district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment." Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, the court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." Id.

JAR and MRT have not stated in the Motion which prong of the North River test they believe is applicable. If, however, the Court broadly construes the pleadings in their favor, it appears their arguments can only rest on the first part of the third prong, i.e., to correct a clear error of law or fact, inasmuch as they cite no change in controlling law or new evidence, but imply that the Court has erred in its application of maritime law.

B. Federal Rule of Civil Procedure 60(b)

Under Federal Rule of Civil Procedure 60(b) a party may seek relief from a final

judgment, order, or proceeding for any one of six reasons, i.e.,

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Relief from Judgment or Order. Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, Etc.

JAR and MRT fail to address the question of whether this Court has jurisdiction to decide the proposed motion brought under Rule 60(b). However, as this Court has recently pointed out,

> [a] perfected appeal divests the district court of jurisdiction. Once the notice of appeal has been filed, while the district court may consider or deny a Rule 60(b) motion (filed more than ten days after entry of the judgment), it no longer has jurisdiction to grant such a motion while the appeal is pending. When the district court is inclined to grant the 60(b) motion, . . . it is necessary to obtain the leave of the court of appeals. Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion. If the district court indicates that it will grant the motion, the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion.

Payne v. DeLuca, CA No. 02-1927, 2007 U.S. Dist. LEXIS 24243, *5 (W.D. Pa. Apr. 2, 2007) (Hardiman, J.), *quoting* Shepherd v. Int'l Paper Co., 372 F.3d 326, 329 (5th Cir. 2004); *see also* Hancock Industries v. Schaeffer, 811 F.2d 225, 240 (3d Cir. 1987), and Blue Mt. Envtl. Mgmt. Corp. v. Chico Enters., Inc., CA No. 01-460, 2006 U.S. Dist. LEXIS 4613, *3 (W.D. Pa. Feb. 7, 2006).

Because a district court has the power to grant a pending Rule 60(b) motion only after it has indicated to the court of appeals that it is inclined to do so, the district court must first consider the merits of the motion. "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" United States v. Hernandez, 158 F. Supp.2d 388, 392 (D. Del. 2001), *quoting* Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).

"Rule 60(b)(6) is a catchall provision which allows a court to relieve a party from the effects of an order for any other reason justifying relief from the operation of the judgment. However, [the

8

Third Circuit Court of Appeals] has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted); see also Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.") Generally, Rule 60(b)(6) requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections. Project Mgmt. Inst., Inc. v. Ireland, CA No. 05-1134, 2005 U.S. Dist. LEXIS 17449, *3, n1 (3d Cir. Aug. 16, 2005), cert denied, 546 U.S. 1187 (2006).

Although a motion pursuant to subsections (1) through (3) must be brought within one year of the final judgment, order or proceeding in question, motions based in subsections (4) through (6) may be brought within a "reasonable" time, a determination made on a case-by-case basis at the discretion of the court. Taylor v. Stewart, CA No. 96-6643, 2001 U.S. Dist. LEXIS 10891, *9 (E.D. Pa. July 11, 2001).

C. Analysis

The brief in support of the Rule 59(e) and Rule 60(b)(6) motions addresses only a single subject. JAR and MRT argue they should be relieved of that portion of the Court's March 28 Order directing them to pay Ingram's attorneys' fees, costs and expenses. (JAR/MRT Brief at 6-10.) Because, they contend, under the terms of the Settlement Agreement, Smith is required to indemnify them and the other Releasees,[2] the Court should "enter judgment or alter or amend its previous judgments . . . to provide that Ingram may collect on its implied contractual indemnity claim-based judgment solely and directly from Smith." (Id. at 9-10.)

---

[2] "Releasees" is defined in the Settlement Agreement as MRT, JAR, the M/V Rose G., and JAR/MRT's insurer, XL Specialty Insurance Co.

9

JAR and MRT rest their argument on the claim that "there is no requirement under maritime law that an indemnitee first pay or satisfy a judgment before seeking indemnity from the indemnitor." (JAR/MRT Brief at 6, *citing* Am. Roll-On Roll-Off Carrier LLC v. P&O Ports Balt., Inc., 479 F.3d 288 (4th Cir. 2007); *see also* United New York Sandy Hook Pilots Ass'n v. Rodermond Indus., Inc., 394 F.2d 65, 75 (3d Cir. 1968), "United New York.") Consequently, JAR and MRT argue, they are not required to first pay Ingram's judgment before seeking indemnity from Smith because their claim against Smith accrued on March 28, 2007, the date on which judgment was rendered in favor of Ingram and against JAR/MRT. (JAR/MRT Brief at 9.)

Consideration of United New York leads to the conclusion that JAR and MRT read that case far too broadly. The Third Circuit Court of Appeals actually stated therein that "[t]he general rule . . . is that a claim for indemnity does not *accrue* until the indemnitee's liability is fixed by a judgment against or payment by the indemnitee." Id. at 75 (emphasis added.) The term "accrue" is commonly defined as "to come into existence as a legally enforceable claim." *See* Merriam-Webster's online dictionary at www.m-w.com, last visited April 30, 2007; *see also* Black's Law Dictionary for a similar definition. That is, accrual simply means that prior to entry of judgment or payment, the indemnified party has no basis on which to enforce the indemnification agreement. Even American Roll-On does not go so far as JAR and MRT contend. The question therein was whether the claim for indemnity accrued when the injury to plaintiff American Roll-On occurred; if so, its claim for indemnification would have been dismissed as having been filed after the statute of limitations had run. By ruling that the date of accrual was not the date on which the injury occurred but rather the date on which American Roll-On made its first payments to the injured third parties, the court found that the claim for indemnification against P&O Ports was timely. Id. at 292.

Ingram does not dispute that JAR/MRT's claim for indemnity accrued when judgment was entered against them in the March 28 Order. We agree with Ingram's position that nothing in the cases cited by JAR/MRT establishes that an indemnity agreement which is governed by maritime

10

law allows (or requires) the third party seeking payment from the indemnitee to, in essence, transform his claim into one directly against the indemnitor as JAR and MRT propose.

The Court further agrees with Ingram that this "pass through" argument has been waived inasmuch as it was not raised in opposition to Ingram's petition for attorneys' fees, costs and expenses. (Response of Ingram Barge Company to [the Motion,] Doc. No. 291, at 3.) The Court ordered that such opposition was to be filed no later than noon on March 16, 2007. The Lawrences, counsel for JAR/MRT at that time, filed a response, but did not raise this argument in their written opposition (see Doc. No. 261) or at the hearing held on March 27, 2007. Nor was it raised even earlier, that is, in any of JAR/MRT's pleadings regarding objections to the Special Master's R&R where the foundation of Ingram's subsequent petition was laid or in their pleadings filed with their motion for reconsideration of the Court's February 28 Opinion.[3]

Finally, at no point in their brief in support of the Rule 60(b)(6) motion do JAR and MRT even attempt to make "the compelling showing of inequity or hardship" necessary to persuade this Court to alter its previous judgment.

The Court finds no reason to conclude it would be inclined to grant a motion pursuant to Rule 60(b)(6). The Motion for leave to file motions pursuant to Rule 59(e) or Rule 60(b)(6) to alter or amend the judgment is therefore denied as futile.

## V.     Proposed Motion Pursuant to Fed.R.Civ.P. Rule 62(b)

In relevant part, section (b) of Rule 62 provides:

> In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60. . . .

Fed.R.Civ.P. 62(b). Stay of Proceedings to Enforce a Judgment. Stay on Motion for New Trial or for Judgment.

---

[3] See Docket Nos. 212, 217, 220, 224, 230, 231, 232, 237, 238, 239, 243, 245, and 251.

JAR and MRT argue that if the Court grants one of the forms of relief requested in their motions brought pursuant to Rule 54, 59 or 60, "the effect of such relief would be to relieve [them] of direct responsibility for satisfaction of the judgment(s) this Court has entered against them and in favor of Ingram." (Brief in Support of Motion of [MRT and JAR] to Stay Execution of Judgment, Doc. No. 280-7, "JAR/MRT Brief to Stay," at 2-3.) Inasmuch as the Court has denied their Motion for leave to file such motions, the Motion to file a Rule 62(b) motion is denied as moot.

## VI. Proposed Motion Pursuant to Fed.R.Civ.P. Rule 62(d)

Rule 62(d) provides in relevant part:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay. . . . The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Rule 62. Stay of Proceedings to Enforce a Judgment; Stay Upon Appeal.

In their brief in support of this portion of the Motion, JAR and MRT correctly assert that the Third Circuit has not ruled on the issue of whether a district court has discretion to grant a stay without a supersedeas bond or with a modified form of a bond, but that it is generally held by the district courts in this Circuit that they may do so. (JAR/MRT Brief to Stay, at 4-5, *citing* Hurley v. Atlantic City Police Dep't., 944 F.Supp. 371, 374 (D. N.J. 1996); *see also* Bank of Nova Scotia v. Pemberton, 964 F.Supp. 189, 191-192 (D. V.I. 1997); Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., CA No. 02-2116, 2006 U.S. Dist. LEXIS 38990 (W.D. Pa. June 13, 2006); and Porter v. NationsCredit Consumer Disc. Co., CA No. 03-03768, 2007 U.S. Dist. LEXIS 14328, *4 (E.D. Pa. Feb. 28, 2007). In the ordinary case, execution on a money judgment will not be stayed unless the prevailing party is secured from loss. North Am. Specialty Ins. Co. v. Chichester Sch. Dist., CA No. 99-2394, 2001 U.S. Dist. LEXIS 5544, *2-*3 (E.D. Pa. Apr. 5, 2001), *citing* United States on Behalf of Small Business Admin v. Kurtz, 528 F. Supp. 1113, 1114 (E.D. Pa. 1981), *aff'd*, 688 F.2d 827 (3d Cir.), *cert. denied*, 459 U.S. 991 (1982).

JAR and MRT argue that a stay should be granted under Rule 62(d) without posting of a bond for the pending judgment based on a proposed "Letter of Undertaking" from their insurer, XL Speciality Insurance Company. (JAR/MRT Brief to Stay at 5, see also Exhibit A at Doc. No. 280-6.) That letter may or may not be an adequate alternative to posting of a bond; however, in their eagerness to find such an alternative, JAR and MRT completely fail to address the threshold criteria for granting a stay pursuant to Rule 62(d) under any circumstances.

The Court of Appeals has established a four-part test applicable to a Rule 62(d) request for a stay. First, (1) has the appellant made a strong showing that it is likely to succeed on the merits of its appeal; (2) will the appellant be irreparably injured if the stay is denied; (3) will issuance of a stay substantially injure other interested parties; and (4) is there relevant public interest in granting or denying the stay? Susquenita School Dist. v. Raelee S., 96 F.3d 78, 80 (3d Cir. 1996); see also Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Where the last three factors favor a stay, the appellant "need only demonstrate a substantial case on the merits to warrant issuance of a stay under Rule 62(d)." Bank of Nova Scotia, 964 F.Supp. at 190 (internal citations omitted).

The brief in support of the Motion is completely devoid of any discussion of this test and the Court is not inclined to believe that JAR and MRT are likely to succeed on the merits of their appeal. They offer no new arguments why the decisions of the Court in adopting the Report and Recommendations of the Special Master were incorrect or why judgment should not have been entered in favor of Ingram, but simply reiterate arguments this Court has considered and rejected as meritless numerous times before. Nor is the Court persuaded that JAR and MRT would be irreparably injured by paying less than $300,000 in attorneys' fees and expenses, particularly since they are entitled to immediately seek indemnification for that amount from Smith under the terms of the Settlement Agreement. There is no apparent public interest in the private litigation between two commercial entities. In short, JAR and MRT fail to make even a "substantial case on the merits," let alone a "strong showing" that they will succeed on appeal. The Motion for leave to file

13

a subsequent motion pursuant to Rule 62(d) is therefore denied.

The Motion by JAR and MRT now pending at Docket No. 280 is denied in its entirety. An appropriate Order follows.

                                        /s/ Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Judge

Dated: May 9, 2007

cc:    Counsel of Record

      Special Master Mark D. Shepard, Esq.
      Babst, Calland, Clements & Zomnir
      Two Gateway Center
      8th Floor
      Pittsburgh, PA 15222
      Email: mshepard@bccz.com